**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

PAUL CURTIS PEMBERTON,

    Petitioner - Appellant,

v.

MICHAEL MILLER, Warden,

    Respondent - Appellee.

No. 24-7027
(D.C. No. 6:23-CV-00025-RAW-JAR)
(E.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Paul Curtis Pemberton, an Oklahoma prisoner proceeding pro se,[1] seeks a certificate of appealability (COA) to appeal from the district court's opinion and order dismissing his 28 U.S.C. § 2254 habeas petition as time-barred. We deny a COA and dismiss this matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Pemberton's pro se filings liberally, but we do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## I. Background

In 2004, an Oklahoma state court jury convicted Pemberton of first-degree murder and unlawful possession of a firearm after a former felony conviction. The trial court sentenced him to life in prison, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed his convictions in 2006. Pemberton did not seek review in the United States Supreme Court.

In 2020, the Supreme Court issued *McGirt v. Oklahoma*, 591 U.S. 894 (2020), which changed the landscape for criminal prosecutions in Oklahoma. In *McGirt*, the Court held the Muscogee (Creek) Reservation had never been disestablished and constitutes Indian Country for purposes of federal court jurisdiction under the Major Crimes Act, and therefore the State of Oklahoma lacked jurisdiction to prosecute the petitioner in that case because he was an Indian who committed his crime in Indian country. *See id.* at 897-99, 937. Pemberton raised a jurisdictional challenge to his convictions in state post-conviction proceedings, but the trial court denied relief based on a later OCCA opinion that held *McGirt* is not retroactive on collateral review and does not void state convictions that were final prior to *McGirt*.

During the pendency of Pemberton's state post-conviction proceedings, state authorities referred Pemberton's case to federal authorities based on the same conduct underlying his state murder conviction. In 2021, a federal jury convicted Pemberton of committing murder in Indian Country.[2]

---

[2] This federal case is not at issue in this proceeding, but we note it here because Pemberton relies on testimony from his federal trial to support his habeas claims.

In 2023, Pemberton filed his § 2254 habeas petition seeking to challenge his state murder conviction. In it, he conceded his petition was not timely filed within the one-year limitations period in 28 U.S.C. § 2244(d)(1)(A). He argued, however, that testimony introduced at his federal trial in 2021 showed that those same witnesses gave false testimony at his 2004 state trial and constituted new evidence that could trigger a new limitations period, citing § 2244(d)(1)(D).[3] He also argued he could overcome the time bar through a showing of actual innocence based on that same evidence and based on his assertion that he could not have been found guilty of violating Oklahoma criminal statutes because he is a member of the Muscogee (Creek) tribe and the crime occurred within the boundaries of the Cherokee reservation.

The State moved to dismiss the petition as time-barred. The district court agreed the petition was untimely. It concluded Pemberton could have discovered any alleged perjury or false statements when the statements were originally made in 2004 at his state trial. The court also determined Pemberton could have discovered his claim for ineffective assistance of counsel when his attorney filed his appellate brief in 2005. To the extent Pemberton argued the Supreme Court's decision in *McGirt* gave him a new factual predicate for his claim that he could not be convicted due to a jurisdictional defect, the district court explained *McGirt* provided a new legal—not factual—predicate for that claim.

---

[3] Section 2244(d)(1)(D) provides that the one-year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

The district court also rejected Pemberton's argument that he had made a showing of actual innocence to overcome the statute of limitations and have the court consider the merits of his claims based on his jurisdictional-defect argument and the alleged false testimony. The court explained actual innocence means factual innocence, not legal insufficiency. The district court also concluded Pemberton had failed to present new, reliable evidence of his innocence that was not presented at his state trial. And the district court found that even with the alleged inconsistencies in the witness testimony between Pemberton's state and federal trials, the other evidence at his state trial "overwhelmingly demonstrated [Pemberton's] guilt," including his own confession to law enforcement that he shot his stepmother, and his father's eyewitness testimony of the shooting. R., vol. 2 at 866.

The district court granted the State's motion to dismiss the habeas petition as time-barred and denied a COA. Pemberton now seeks a COA from this court.

## II. Discussion

A state prisoner must obtain a COA to appeal from a final order in a habeas proceeding. *See* 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, Pemberton must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address

4

the constitutional question if we conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id.* at 485.

A. *Actual Innocence*

The district court recognized that a claim of actual innocence may toll the one-year statute of limitations in § 2244(d) and serve as a gateway for the court to consider the merits of a habeas petitioner's constitutional claims. *See* R., vol. 2 at 861-62. But the court explained "actual innocence means factual innocence, not mere legal insufficiency." *Id.* at 862 (brackets and internal quotation marks omitted). It further explained that a gateway claim of actual innocence "requires new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 864 (internal quotation marks omitted).

In his COA application, Pemberton first reiterates his argument that he is factually innocent because the crime occurred within Indian Country, and the Major Crimes Act divests the State of criminal jurisdiction over Indians in Indian Country; therefore, he could not have been convicted of violating Oklahoma criminal statutes. But he does not explain how this jurisdictional argument shows factual innocence—that he did not murder his stepmother—as opposed to legal insufficiency—that he was convicted by the wrong jurisdiction. In a recent case where another Oklahoma prisoner advanced a similar jurisdictional argument, we considered whether "the factual-innocence gateway is available when one has been convicted by the wrong jurisdiction." *Pacheco v. Habti*, 62 F.4th 1233, 1242 (10th Cir.), *cert. denied*, 143 S. Ct. 2672 (2023); *see also id.* at 1245

5

("Ms. Pacheco's actual-innocence claim is not based on evidence regarding what she did, but on where she did it."). We concluded "the rationale behind the gateway does not support its application to conviction by the wrong jurisdiction." *Id.* at 1242.[4]

Pemberton also argues he is factually innocent of murder based on newly presented evidence. This argument appears to be primarily based on inconsistencies between his father's testimony at Pemberton's 2004 state trial as compared to his father's testimony at Pemberton's 2021 federal trial, and evidence regarding the victim's wounds and the trajectory of the shots fired.

The district court concluded Pemberton "ha[d] not come close" to making the showing for actual innocence—"that it is more likely than not any reasonable juror would have reasonable doubt about [his] convictions if they hear the alleged minor discrepancies in witness testimony between the two trials." R., vol. 2 at 866 (citation and internal quotation marks omitted).[5] The court also explained the evidence about the victim's wounds and the trajectory of the shots fired was presented at Pemberton's state

---

[4] After noting there was "no suggestion of bad faith on the part of the State in exercising jurisdiction to prosecute [Ms. Pacheco]," we left for another day the question of "whether a bad-faith arrogation of sovereignty to prosecute a particular person could be ground for excusing a procedural default in a habeas case." *Pacheco*, 62 F.4th at 1245-46. The district court did not need to address that question here because it likewise noted there was "no allegation of bad faith in the State's prosecution" of Pemberton. R., vol. 2 at 862.

[5] Prisoners asserting actual innocence "must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt." *Fontenot v. Crow*, 4 F.4th 982, 1030 (10thCir. 2021) (internal quotation marks omitted).

and federal trials, and both juries convicted him.  The court therefore concluded the evidence was not new and did not demonstrate Pemberton's actual innocence.

Pemberton points to slight differences in the testimony between 2004 and 2021 about where his father said Pemberton was standing when he began shooting the victim, but he does not address the district court's reasoning that these minor differences in the testimony between the two trials would not meet the required showing for actual innocence, i.e., that no reasonable juror would have found him guilty of murder.  He also does not address the district court's conclusion that the evidence about the trajectory of the shots and the victim's wounds was presented at his state trial, so it is not new.

Finally, Pemberton does not address the district court's determination that the evidence of his guilt was overwhelming.  That evidence included his own confession that he shot his stepmother and his father's eyewitness testimony of the shooting.  He makes the conclusory, and unsupported, assertion his confession was "uncorroborated," COA Appl. at 4, but his confession was corroborated by his father's eyewitness testimony.  And, as the district court recounted, the evidence showed Pemberton confessed to multiple law enforcement officers, and the OCCA determined his statements were voluntary.

Pemberton has failed to show reasonable jurists could debate the district court's conclusion that he did not make a sufficient showing of actual innocence to overcome the time bar in § 2244(d).

B. *Ineffective Assistance of Counsel (IAC)*

Pemberton next argues he is entitled to submit new evidence showing that he was convicted as the result of ineffective trial and appellate counsel. But he does not identify any new evidence. Assuming it is the same evidence he relied on for his claim of actual innocence, he has not shown that the factual predicates for his IAC claims could not have been discovered sooner, as § 2244(d)(1)(D) requires.[6] The State argued in its motion to dismiss that Pemberton could have discovered his IAC claims no later than the date his direct appeal brief was filed, and the district court agreed. Pemberton fails to address the district court's conclusion or to show that reasonable jurists would disagree with the district court's procedural ruling that his habeas petition was untimely.

**III. Conclusion**

We deny a COA and dismiss this matter. We also deny Pemberton's motion to take judicial notice of certain documents as unnecessary because the court prepared the record on appeal, *see* 10th Cir. R. 10.3(c).

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[6] Pemberton also contends the district court did not perform the analysis for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). But that is a merits analysis, and the court determined that Pemberton's habeas claims were time-barred, so it did not reach the merits of any claims.